**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000869
27-JUN-2018
07:53 AM**

NO. CAAP-16-0000869

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHANE A. KIRBY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NOS. 11-1-0439(3) (2PC111000439),
12-1-0318(3) (2PC121000318), 12-1-0348(3) (2PC121000348),
12-1-0717(3) (2PC121000717), 12-1-0722(3) (2PC121000722),
13-1-0163(3) (2PC131000163), 13-1-0200(3) (2PC131000200),
13-1-0209(3) (2PC131000209), 13-1-0223(3) (2PC131000223),
13-1-0243(3) (2PC131000243), 13-1-0357(3) (2PC131000357),
13-1-0362(3) (2PC131000362))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Shane Kirby (**Kirby**) appeals from the Second Amended Judgment of Conviction and Sentence, entered on October 31, 2016 (**Judgment**), by the Circuit Court of the Second Circuit (**Circuit Court**).[1] Kirby was sentenced by the Circuit Court to a maximum of twenty years of imprisonment after Kirby self-terminated his participation in Maui's Drug Court Program (**Drug Court Program**).

---

[1] The Honorable Joseph E. Cardoza presided.

Kirby raises two points on appeal, contending that: (1) the Circuit Court did not properly engage in an on-the-record colloquy with him and, thereby, erred in failing to ensure that Kirby's waiver of his right to a termination hearing was knowingly, intelligently, and voluntarily made; and (2) the Circuit Court erred in sentencing him to serve ten years of imprisonment on nine counts, to run consecutively to the sentences for his other offenses, because the court failed to provide an adequate explanation for imposition of the consecutive terms, thereby violating Hawaii Revised Statutes (HRS) §§ 706-668.5 (2014)[2] and 706-606 (2014).[3]

---

[2]    HRS § 706-668.5 provides:

**§706-668.5 Multiple sentence of imprisonment.** (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

(2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

[3]    HRS § 706-606 provides:

**§706-606 Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

(a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

(b) To afford adequate deterrence to criminal conduct;

(continued...)

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kirby's points of error as follows:

(1) Kirby contends that the Circuit Court's colloquy failed to sufficiently establish that his waiver was knowing, intelligent, and voluntary because the court did not inquire into whether Kirby's mind was clear and free from medication, drugs, alcohol, emotional or mental instability, or other undue influences. The State counters that based on the totality of the circumstances, the Circuit Court, through its colloquy, was able to determine whether Kirby was under the influence of drugs or alcohol, whether he suffered from mental illness or emotional disability, whether his mind was clear, and whether Kirby was forced to make his decision to withdraw.

The Hawaiʻi Supreme Court has explained that a valid waiver is the "knowing, intelligent, and voluntary relinquishment of a known right." Kong, 131 Hawaiʻi at 108, 315 P.3d at 734

---

[3](...continued)

    (c) To protect the public from further crimes of the defendant; and

    (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) The kinds of sentences available; and

    (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

(quoting <u>Friedman</u>, 93 Hawai'i at 68, 996 P.2d at 273 (citation omitted)).

> Generally, the court will conduct a colloquy to ensure that the defendant's waiver of his or her rights is knowingly, voluntarily, and intelligently made. <u>State v. Kaulia</u>, 128 Hawai'i 479, 495-96, 291 P.3d 377, 393-94 (2013). To determine whether a waiver is voluntary and intelligent, "this court will look to the totality of facts and circumstances of each particular case." <u>Friedman</u>, 93 Hawai'i at 68-69, 996 P.2d at 273-74.

<u>Id.</u>

In <u>Kong</u>, the supreme court considered the waiver of the right to a Drug Court Program termination hearing, specifically, whether the waiver was knowing, intelligent, and voluntary. <u>Id.</u> Hawai'i at 108, 315 P.3d at 734. In <u>Kong</u>, the decision to self-terminate from drug court was confirmed by the defendant in two separate hearings. <u>Id.</u> At the first hearing, Kong was advised of and questioned regarding his understanding of the numerous consequences of waiving his right to a termination hearing. <u>Id.</u> At the second hearing a week later, Kong again indicated that he wished to self-terminate and in a brief colloquy with the court "confirmed that his mind was clear and that he was not taking any drugs or medication. . . ." <u>Id.</u> The circuit court at the second hearing did not again advise Kong, as it had in the first hearing, regarding the numerous consequences of his waiver. <u>Id.</u> Kong argued that the colloquy prior to his self-termination at the second hearing was, therefore, insufficient to ensure a knowing, intelligent, and voluntary waiver. <u>Id.</u> Looking at the totality of the circumstances, the supreme court found that the waiver was knowing, intelligent, and voluntary because Kong was

4

advised of his rights and had, over the course of the two hearings, indicated his wish to self-terminate. Id.

Having reviewed the transcripts from Kirby's status hearing and the withdrawal hearing, it is apparent the Circuit Court diligently explored whether Kirby understood the rights he was relinquishing by waiving his right to a termination hearing and made a great effort to ensure that Kirby understood the consequences of making the waiver. However, Kirby is correct that the Circuit Court did not inquire at the status hearing, the withdrawal hearing, or at the stipulated-facts trial whether Kirby was of sound mind or whether he had taken any medications, drugs, or alcohol that might influence his judgment or ability to understand the proceedings or consequences arising from his decision to waive his right to a termination hearing.

We do not decide, as advocated by Kirby, that every colloquy in which a circuit court fails to explicitly inquire of the defendant whether he or she has ingested medication, alcohol, or has any other undue influences upon his or her waiver of rights is defective. Rather, given the totality of the circumstances in this case, there were sufficient indications that should have alerted the Circuit Court that explicit questioning regarding Kirby's mental state was vital to ensuring that Kirby's waiver was knowing, intelligent, and voluntary.

As noted by the Circuit Court, Kirby's history as a drug user was extensive. It is a salient fact that Kirby stated that his failure to continue in the Drug Court Program and his leaving Maui was the result of the death of his mother and the

deep emotional turmoil resulting therefrom. In a letter submitted to the Circuit Court, Kirby explained that the event of her death precipitated his return to drug use and caused severe emotional trauma that continued until shortly before he turned himself in to law enforcement. In his letter, Kirby's anguish and his inability to rationally cope with his loss is apparent. The letter also conveyed a strong desire to be "part of the Drug Court family again," which is inconsistent with his self-termination from the program without a termination hearing. We agree with the State that there is no specific indication in the transcripts that Kirby was impaired and Kirby's counsel made no representation to that effect. However, there was evidence that (1) Kirby had a long history of abusing drugs and alcohol, and (2) Kirby had recently suffered extreme emotional and mental suffering caused by the death of his mother that reportedly caused him to relapse.

We conclude that, under the totality of the circumstances, further inquiry by the Circuit Court into Kirby's mental state and the voluntariness of his actions was necessary to ensure that his waiver was being made knowingly, intelligently, and voluntarily before accepting his self-termination from the Drug Court Program and the waiver of his right to a termination hearing.

For these reasons, the Circuit Court's October 31, 2016 Judgment is vacated and this case is remanded for further proceedings consistent with this Summary Disposition Order.

Accordingly, we need not address Kirby's arguments regarding his consecutive sentences.

DATED: Honolulu, Hawai'i, June 27, 2018.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant,
(on the opening brief; and
Matthew S. Kohm on the
reply brief).

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge